IRA VASS
6920 Charing Cross Road
Oakland, CA  94705

In Pro Per

# UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

Case No.: CV12 4094 DMR

IRA VASS,

        PLAINTIFF,

v.

JP MORGAN CHASE, NA,
AND DOES 1-10,

        DEFENDANTS.

**COMPLAINT FOR VIOLATION OF THE PROTECTING TENANTS IN FORECLOSURE ACT OF 2009 (12 U.S.C. § 5220)**

## INTRODUCTION

### JURISDICTION

This Court has jurisdiction over this matter as a result of Diversity of the parties and also a Federal Question for Violation of 11 U.S.C. §5220 (Protecting Tenants In Foreclosure Act of of 2009) ("PTFA").

### PARTIES

1.    Plaintiff IRA VASS ("VASS") is an individual residing in the County of Alameda.

COMPLAINT FOR VIOLATION OF THE PROTECTING TENANTS IN FORECLOSURE ACT

2. Upon information and belief, Defendant JP MORGAN CHASE, NA ("CHASE") is a National Association within the United States,

3. At all times mentioned in this complaint, CHASE is and was doing business as a lender in the state of California.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1-10 inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

5. Plaintiff is informed and believes, and based on information and belief, alleges that at all times mentioned in this complaint Defendants were agents, servants, partners and/or employees of co-defendants, and in doing the actions mentioned below were, unless otherwise alleged, within the course and scope of their authority as such agent, servant, partner, and/or employee with the permission and consent of co-defendants.

6. Any allegations about acts of any corporate or other business defendant means that the corporation or other business did the acts alleged through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

7. Plaintiff believes and is informed and, on that basis alleges, that each of said Defendants including the DOE defendants, were in some manner legally responsible for the unlawful actions, unlawful policies, and unlawful practices complained of herein. Plaintiffs will amend this Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations when the same have been ascertained.

8. Venue is proper in this court because injury and damage to Plaintiffs occurred in its jurisdictional area, the Plaintiff resides in its jurisdictional area, the contracts were entered

into in its jurisdictional area and the unlawful practices were committed in this jurisdictional area.

## GENERAL ALLEGATIONS

9. This action is brought against Defendants, who have knowingly and intentionally violated the Protecting Tenants in Foreclosure Act of 2009 (codified in 12 U.S.C. Section 5220.) ("PTFA").

10. Defendants, and each of them, were informed and knew that a plaintiff was a bonafide tenant of the property located at 6920 Charing Cross Road, Oakland, California ("Subject Property"). Said Defendants ignored the notice and related requirements of the PTFA and are not honoring Plaintiff's lease rights.

## SPECIFIC ALLEGATIONS

11. Plaintiff is a tenant in the subject property.

12. The subject property was foreclosed upon by Defendant on March 7, 2012.

13. Plaintiff notified Defendant that she was a tenant in the property and did respond to defendants and offered to have defendant inspect the property.

14. On or about June 16, 2012, Defendant served and eviction lawsuit on Plaintiff.

15. Plaintiff followed California Law and filed a Claim to Right of Possession on or about June 26, 2012.

16. Instead of going to trial to contest my tenant rights, Defendant ignored this requirement and obtained a Default Judgment on or about July 5, 2012.

17. On or about July 10, 2012, Plaintiff notified Defendant of these violations and requested that the Default Judgment be set aside.

18. Defendant proceeded to obtain a writ of possession and attempted to lock me out of my residence on or about July 24, 2012.

19. Plaintiff is not the borrower on the mortgage loan that was foreclosed upon by Defendant.

20. Plaintiff is not related to the borrower in any way.

21. Plaintiff entered into a bonafide lease which requires the payment of rent that is not substantially less than fair market rent for the subject property.

22. Said lease was entered well in advance of the "date of notice of foreclosure".

23. Plaintiff's lease was the result of an arms-length transaction; and

24. Defendant's and each of them were notified of the facts set forth in paragraphs 20. , 22 and 23 herein.

## FIRST CAUSE OF ACTION
## VIOLATION OF 12 U.S.C SECTION 5220 – PROTECTING TENANTS IN FORECLOSURE ACT

25. Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

26. Defendants have violated and continues to violate the PTFA ( 12 U.S.C. Section 5220) , by attempting to evict Plaintiff and ignoring Plaintiff's lease rights.

27. Defendants knew or by the exercise of reasonable care should have known that Plainitff was entitled to protection under the PTFA.

COMPLAINT FOR VIOLATION OF THE PROTECTING TENANTS IN FORECLOSURE ACT

28. Plaintiff has been damaged as a result of Defendant's violation of the automatic stay of the PTFA in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment as set forth below;

**PLAINTIFF PRAYS FOR JUDGMENT AS FOLLOWS:**

1. Damages sustained by the Plaintiff due to Defendants' wrongful acts in an amount to be proven at trial;
2. For punitive damages against Defendants due to their intentional and wrongful acts;
3. That Plaintiff recover reasonable attorneys fees and for to recover its costs of suit.
4. For such other relief that the Court deems just, proper, and equitable.

Dated: August 1, 2012

_____
IRA VASS

COMPLAINT FOR VIOLATION OF THE PROTECTING TENANTS IN FORECLOSURE ACT